**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 4 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GWENDOLYN TOLLER                    )
                                    )
        Plaintiff,                  )        CASE NO. 2:07CV0062JLH
                                    )
v.                                  )
                                    )
SAGAMORE INSURANCE COMPANY          )
                                    )
        Defendant.                  )
                                    )

This case assigned to District Judge _____
**NOTICE OF REMOVAL** and to Magistrate Judge _____

Please take notice that Defendant Sagamore Insurance Company ("Sagamore") hereby removes the above-captioned action from the Circuit Court of Phillips County, Arkansas to the United States District Court for the Eastern District of Arkansas, Eastern Division, pursuant to 28 U.S.C. § 1441 *et seq.* and 28 U.S.C. § 1453, on the basis of the following facts which demonstrate the existence of subject matter jurisdiction in this Court:

1.  On or about April 3, 2007, Plaintiff commenced this civil action, which was assigned case number CV-07-114 in the Circuit Court of Phillips County, Arkansas, by filing a Complaint. True and correct copies of all process, pleadings, discovery, and orders served upon Sagamore to date in the Circuit Court of Phillips County, Arkansas are attached hereto collectively as Exhibit 1.

2.  On April 13, 2007, Sagamore was served by certified mail with a Summons and a Complaint, the initial pleading setting forth the purported claims for relief. This Notice of Removal is timely since it is being filed within 30 days after receipt of the Complaint. 28 U.S.C. § 1446(b).

3.     As more fully described below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and it is between citizens of different states.   Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because it is a class action (1) with in excess of 100 class members, (2) in which the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and (3) in which there is "minimal diversity."

**The Requirements for Traditional Diversity Jurisdiction are Satisfied**

4.     There is complete diversity between Plaintiff and the Defendant.  The Plaintiff's Complaint alleges that Plaintiff is a citizen of Phillips County, Arkansas. Complaint ¶ 1.  Sagamore is an Indiana corporation with its principal place of business in the State of Indiana.  Complaint ¶ 2.  Accordingly, Sagamore is a citizen of Indiana for purposes of determining diversity.  28 U.S.C. § 1332(c)(1). Thus, at the time of the filing of the Complaint and at the present time, there is complete diversity between Plaintiff and Sagamore.

5.     Although the Complaint is silent as to the amount of damages sought by Plaintiff individually, the claims asserted by Plaintiff certainly place more than $75,000.00 in controversy.

6.     Plaintiff was allegedly in an accident with an underinsured motorist, Kristy English, on February 17, 2007.  Ms. English's automobile liability insurer, State Farm Mutual Automobile Insurance Company ("State Farm") offered its policy

limits of $50,000.00 as a settlement for Plaintiff's claims against Ms. English. *See* Exhibit 2.

7. According to her Complaint, Plaintiff has allegedly incurred in excess of $48,000.00 in medical expenses alone as a result of the accident. Complaint ¶ 21. According to her attorney, her medical expenses and special damages in fact exceed $71,000.00. *See* Exhibit 2.[1] She claims that if Sagamore had not improperly denied her claim, her expenses and damages would be recoverable against Sagamore under an underinsured motorist benefit, disability benefit, and medical payment benefit. Complaint ¶ 21.

8. Plaintiff in essence seeks recovery under such coverages purportedly implied by operation of law because Sagamore allegedly failed to offer them to her or otherwise obtain a rejection in writing. *See, e.g., Shelter Mut. Ins. Co. v. Irvin*, 309 Ark. 331, 831 S.W.2d 135 (1992) (underinsured coverage implied); *Fimpel v. State Auto Mut. Ins. Co.*, 322 Ark. 797, 911 S.W.2d 950 (1995) (no-fault coverage implied).

9. If an automobile insurer fails to obtain a written rejection of underinsured motorist coverage, it may be liable for up to $25,000.00 of underinsured coverage. *Ross v. United Serv. Auto. Assn.*, 320 Ark. 604, 899 S.W.2d (1995). Similarly, such insurer may be liable up to $5,000.00 for no-fault medical payments and

---

[1] Exhibit 2 is an April 16, 2007 letter from Plaintiff's counsel, Mr. Charles Halbert, that references correspondence with State Farm, medical bills, medical reports, and written authorizations. To protect the privacy of some of this information, the medical reports and authorizations have been excluded from Exhibit 2. If the Court deems such information important to its jurisdictional analysis, these additional materials can be provided separately under seal or protective order.

$7,280.00 in income disability benefits for an income earner or $3,640.00 for a nonincome earner. *See* Ark. Code Ann. § 23-84-202(1) and (2).

10.     According to the Complaint and Plaintiff's counsel, Plaintiff has likely sustained injuries and damages that would exceed the maximum amount recoverable under the underinsured benefits, no-fault medical payment benefits, and income disability benefits as an income earner if Plaintiff were in fact to prevail.

11.     Due to Plaintiff's notifying Sagamore of the tentative settlement with State Farm, Sagamore is in a position that it may be required to pay both the $50,000.00 payment to Plaintiff to cover the State Farm settlement and also $25,000.00 to Plaintiff for underinsured benefits.  Ark. Code Ann. § 23-89-209(c) and (d). Thus, it may be required to pay $75,000.00 to the Plaintiff under the underinsured motorist statute if Plaintiff's allegations are proven.

12.     If Plaintiff is successful in recovering such underinsured benefits, no-fault medical payment benefits, and income disability benefits by filing suit, she may also be entitled to a 12% penalty and attorneys' fees which are additional sums in controversy. *See* Ark. Code Ann. § 23-89-208(f); Ark. Code Ann. § 23-79-208; *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 54 S. Ct. 133, 78 L. Ed. 267 (United States Supreme Court expressly holding the attorney's fees available to insured under Arkansas' 12% penalty statute as contributing to amount in controversy for diversity jurisdiction purposes); *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 502 (8th Cir. 1964) (holding 12% penalty as part of amount in controversy for purposes of diversity jurisdiction).

Interest on these sums allowed by statute also is part of the amount in controversy.

13.     In addition to these alleged damages, Plaintiff has also filed claims for an injunction and an accounting. In actions seeking such equitable relief, the amount in controversy is measured by the value of the object of the litigation. *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)).

14.     When all of these sums at issue are added together, it is a legal certainty that Plaintiff has individual claims against Sagamore that place more than $75,000.00 in controversy.

15.     Since this Court has subject matter jurisdiction over the claims of Plaintiff pursuant to 28 U.S.C. § 1332(a), this Court may exercise supplemental jurisdiction over the remaining claims of the putative class because they are part of the same case or controversy. 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

**The Requirements for Jurisdiction Under the Class Action Fairness Act are Satisfied**

16.     Because there is complete diversity between the Plaintiff and Sagamore, there is also necessarily minimal diversity at the time of the filing of the Complaint as required by 28 U.S.C. § 1332(d).

17.     It is clear from the face of the Complaint that there are more than 100 members in the putative class. 28 U.S.C. § 1332(d)(5)(B). The Complaint alleges that there

are "hundreds, if not thousands, of insureds" that are part of the class Plaintiff seeks to represent. Complaint ¶ 23.

18.    It is also clear that the total aggregate amount in controversy for all claims of all class members exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

19.    Sagamore has issued 37,566 automobile liability policies in Arkansas from 2002 to 2007.[2]  Of those policies, 35,663 did not have no-fault coverage.  Plaintiff contends that "Sagamore did not obtain written rejections of the no-fault coverages required by state law from any of the insureds during the Class Period." Complaint ¶ 31.  Therefore, Plaintiff contends that all insureds during the Class Period are entitled to such coverages as a matter of law.

20.    If Sagamore were required to provide such no-fault coverages for the 37,566 policies it issued, the increased value of such greater coverages would be $8,621,331.00. In other words, of the 37,566 policies sold in Arkansas during the proposed class period, 35,663 did not have no-fault coverages.  Thus, Plaintiff seeks an upgrade of those policies to include no-fault coverages.  The difference between the filed rates for policies without no-fault coverage and those policies

---

[2]  The numbers contained in the following paragraphs are based on information filed with and approved by the Arkansas Department of Insurance. The documents supporting the filed rates and other numbers in this Notice are voluminous.  As an example, a summary of some of the information is attached as Exhibit 3.  The information contained in this Notice can be derived from documents filed with the Department of Insurance and/or the Department of Revenue  Thus, Sagamore requests that the Court take judicial notice of such figures. Sagamore's calculations, supported by documents filed with the Arkansas Department of Insurance, are not admissions that class certification is appropriate or that Plaintiff's individual claims or the proposed class' claims are bona fide.  Rather, the calculations represent the amounts at issue in the lawsuit.

with no-fault coverage is approximately $241.74. Thus, the total amount of value added is $8,621,331.00.

21.     In addition, if such greater no-fault coverages were in place, the putative class has allegedly been damaged due to the "unpaid claims that could have been presented to and should have been paid by Sagamore under these no-fault coverages" on such policies. Complaint ¶ 17. Of the 37,566 policies sold in Arkansas during the proposed class period, 35,663 did not have no-fault coverages. Historically during the class period, 1.7% of policies have a covered claim for medical payments. Thus, Sagamore would expect 606 covered claims if it placed medical payments coverage on the 35,663 policies without no-fault coverage. The average dollar amount of such a covered claim for medical payments is $3067. Therefore, it is anticipated that the amount in controversy (without considering accident or death benefits or loss of income benefits, for such claims is $1,858,602.

22.     Although the Plaintiff contends "that the amount in controversy will not exceed the sum of $4,999,999.00, including compensatory damages, restitution, interest, costs and attorneys fees" (Complaint ¶ 7), such statement does not control the jurisdictional inquiry for the amount in controversy.[3] *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) ("We do not assume the claimed amount is the actual amount in controversy if the court

---

[3]     Furthermore, any express waiver of an amount above the $5 million threshold should be looked upon with great suspect. This is especially true in the class action context because Plaintiff appears to be unilaterally conceding sums that she is in fact supposed to be arduously fighting for on behalf of the class she purports to represent.

questions whether the amount alleged is legitimate, for then the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."). Plaintiff can, in fact, recover in excess of the amount asserted in Paragraph 7 of the Complaint because under both Arkansas and federal procedural law, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Ark. R. Civ. P. 54(c); Fed. R. Civ. P. 54(c).

23.    In this case, the Plaintiff has not included the following in her purported self-imposed "cap" on the amount in controversy: value of the declaratory and injunctive relief (Complaint, Count II), value of the accounting (Complaint, Count III), and the statutory penalty (Complaint ¶ 34, 38, and pg. 15). These items were expressly omitted from the list of items included within the "cap." *See* Complaint ¶ 7. Therefore, the added remedies of declaratory relief, injunctive relief, an accounting, and a statutory penalty, when aggregated with the other remedies sought, would place well more than $5 million in controversy.

**Venue and Other Procedural Matters**

24.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending. 28 U.S.C. § 83(a)(1).

25.    No previous application has been made for the relief requested herein.

26.    This Notice of Removal has been served on all named parties to the removed case.

27.    Sagamore is the only defendant in this case, and therefore no other consent is necessary.

28.    A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of the Court for the Circuit Court of Phillips County, Arkansas, and will be served upon the Plaintiff, as required by 28 U.S.C. § 1446(b).

WHEREFORE, Defendant Sagamore Insurance Company requests that this Court take jurisdiction of this matter and award it all other legal and equitable relief to which it is entitled.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
JAMES M. SIMPSON, #77125
MARTIN A. KASTEN, #99100
Attorneys at Law
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3493
Telephone: 501- 376-2011
Facsimile: 501-376-2147

FRIDAY, ELDREDGE & CLARK, LLP
R. CHRISTOPHER LAWSON, #93083
SETH M. HAINES, #2004.0068
Attorneys at Law
3425 North Futrall Drive, Suite 103
Fayetteville, Arkansas 72703-4811
Telephone:      479-695-2011
Facsimile:      479-695-2147

Attorneys for Defendant

By: _____
      JAMES M. SIMPSON

## CERTIFICATE OF SERVICE

I, James M. Simpson, hereby certify that a copy of the above and foregoing has been served on the following counsel of record by placing a copy of same in the United States mail, properly addressed and postage pre-paid this _____14th_____ day of May, 2007:

Charles E. Halbert, Jr.
HALBERT LAW FIRM
P.O. Box 2720
West Helena, Arkansas 72390

David S. Mitchell
Attorney at Law
2222 Cottondale Lane, Suite 240
Little Rock, Arkansas 72202

Thomas P. Thrash
THRASH LAW FIRM
1101 Garland Street
Little Rock, Arkansas 72201

_____
    JAMES M. SIMPSON

State of Arkansas
Phillips County Circuit Clerk
620 Cherry Street
Helena, AR 72342-3397

CASE NO.: CV-07-11
DIVISION: _____

## SUMMONS
## (NOTICE OF LAWSUIT)

**PLAINTIFF:**
**Gwendolyn Toller**

**DEFENDANT(S):**
**Sagamore Insurance Company**

**PLAINTIFF'S ATTORNEY:**
**Thomas P. Thrash**
**1101 GARLAND STREET**
**LITTLE ROCK, ARKANSAS 72201**
**(501) 374-1058**

## TO THE ABOVE-NAMED DEFENDANT(S):

1.    You are hereby notified that a lawsuit has been filed against you by the above named plaintiff; The relief asked is stated in the attached complaint.
2.    The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a written response or answer and thereafter appear and present your defense.  Your pleading or answer must meet the following requirements:
A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
B.    It must be filed in the Phillips County Circuit Clerk's Office within THIRTY (30) days from the day you were served with this summons.
C.    A copy of your response must be delivered or mailed to the plaintiff or his attorney.
3.    If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

**WITNESS my hand and the seal of said Court this day:** _4 - 3-07_
                                                                        Circuit Clerk

                                            **By:** _Amy Schwartz_        **D.C.**

**STATE OF ARKANSAS, COUNTY OF Phillips**
**On this _____ day of _____ 200__, at _____ o'clock _____.M**
**I have duly served the within summons by delivering a copy thereof, (or**
**stating the substance thereof), together with a copy of the complaint, to**
**_____ such person being:**

**CHECK APPLICABLE SQUARE:**
_____ **the person named therein as defendant.**
_____ **a member of the defendant's family above 14 years of age at defendant's**
          **usual place of abode, namely _____.**
_____ **the duly designated agent for service of process for the defendant,**
          **namely _____.**
_____ **OTHER: _____.**

                                            **By:** _____
                                            **Deputy Sheriff**

